# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.     No. CV 09-0339 MCA/LAM
                                           CR 07-0378 MCA

**RAYMOND ELOY SEDILLO,**

    **Defendant/Movant.**

## ORDER TO SHOW CAUSE

On April 3, 2009, the Clerk of this Court filed a ***Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody*** (*Doc. 1*) under Defendant/Movant Sedillo's name in the above-captioned proceedings. Mr. Sedillo is named in the caption, but the motion appears to be signed for him by Louise Gurule, possibly pursuant to a power of attorney. *Id.* at 13 ("P.O.A. LOUISE GURULE"). The absence of Mr. Sedillo's signature on the motion raises a two-part jurisdictional issue. First, a third party may file a habeas corpus petition on behalf of a prisoner if the third party has a significant relationship to the prisoner and is sufficiently dedicated to the prisoner's interests. *See, e.g., Hamilton v. Texas*, 497 U.S. 1016, 1017 (1990); *Hays v. Murphy*, 663 F.2d 1004, 1008-09 (10th Cir. 1981); *but see Padilla v. Rumsfeld*, 352 F.3d 695, 703 n. 7 (2d Cir. 2003) (internal citation omitted) (noting that the Supreme Court has not ruled on the requirement of significant relationship), *rev'd on other grounds by Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004). Here, the petition appears to be signed by Ms. Gurule. If Ms. Gurule is Mr. Sedillo's mother, the maternal relationship clearly meets the initial jurisdictional requirement. *See, e.g., Hays*, 663 F.2d at 1008.

Secondly, the § 2255 motion must explain why Mr. Sedillo cannot prosecute his claims himself. *See, e.g., Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Hays*, 663 F.2d 1008-09. "[A] 'next friend' must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action." *Fleming v. LeMaster*, No. 01-2330, 28 Fed. Appx. 797, 799, 2001 WL 1380206 at **1 (10th Cir. Nov. 6, 2001) (unpublished) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). The motion contains no allegations explaining why Mr. Sedillo cannot prosecute his claims himself.

If neither of these two prerequisites is met by Mr. Sedillo, the Court must dismiss his § 2255 motion for lack of jurisdiction. "The question of next friend standing is not merely 'technical,' . . . . Rather, it is jurisdictional and thus fundamental." *Hamdi v. Rumsfeld*, 249 F.3d 598, 607 (4th Cir. 2002) (citing *Whitmore*, 495 U.S. at 161). **Therefore, Mr. Sedillo will be required to demonstrate why his § 2255 motion should not be dismissed, in accordance with this Order. Failure to timely and adequately respond to this Order may result in dismissal of the § 2255 motion, without further notice.**

**IT IS THEREFORE ORDERED** that, **on or before April 30, 2009,** Mr. Sedillo may file an amended § 2255 motion signed by himself or an attorney-at-law; **alternatively**, Ms. Gurule may respond to this Order showing cause, if any, why she should not be dismissed as a third-party movant in this proceeding, **including a description of her relationship to Mr. Sedillo and a <u>specific</u>, <u>detailed</u> explanation of why Mr. Sedillo is unable to prosecute his § 2255 claims**.

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to mail copies of this Order to Mr. Sedillo, with a form § 2255 motion with instructions, at the detention facility identified in the motion, and to Ms. Gurule at the return address shown on the envelope that contained the § 2255 motion.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**