IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                No. 16-CV-00426-MCA-LAM
                                  No. 07-CR-00378-MCA

RAYMOND ELOY SEDILLO,

    Defendant.

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Raymond Eloy Sedillo's Application for Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255, which was docketed as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  [CV Doc. 5; CR Doc. 94]  Defendant seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).  For the following reasons, the Court will order Defendant to show cause why his § 2255 motion should not be dismissed as untimely.

Pursuant to a plea agreement, Defendant pleaded guilty to Count VIII of the Superseding Indictment, which charged Defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  [CR Docs. 14, 43, 44] Defendant had three or more qualifying felony convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and he was sentenced to the mandatory minimum sentence of 15 years (or

180 months) of imprisonment in the custody of the Bureau of Prisons.  [CR Docs. 58, 59; Presentence Investigation Report]  The Court entered judgment on Defendant's conviction and sentence on June 28, 2008.  [CR Doc. 59]  Defendant did not file a notice of appeal in the United States Court of Appeals for the Tenth Circuit.

On April 3, 2009, Defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody [CR Doc. 63], followed by an Amended § 2255 Motion on April 22, 2009 [CR Doc. 65].  On March 9, 2010, the Court denied Defendant's § 2255 claims as meritless, entered final judgment, and denied a certificate of appealability.  [CR Docs. 83, 84, 85]

On March 29, 2016, Defendant filed a letter requesting the appointment of counsel, because he believed he "may be entitled to relief under the *Johnson* Residual Clause, based on the priors used to enhance [his] sentence by 5 years."  [CV Doc. 1; CR Doc. 88]  Attorney Margaret A. Katze, Assistant Federal Public Defender, was appointed to represent Defendant in accordance with the Administrative Order In the Matter of: Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004-19 (Doc. 19) (D.N.M. March 25, 2016).

On May 18, 2016, Defendant's counsel, Attorney Katze, filed in the United States Court of Appeals for the Tenth Circuit an Application To File Second Petition Pursuant to 28 U.S.C. § 2255, alleging that the enhancement of Defendant's sentence under the ACCA was unconstitutional in light of *Johnson*.  *See In re: Sedillo*, No. 16-2097, Doc. 01019622798 (10th Cir. May 18, 2016).  On May 23, 2016, the Tenth Circuit granted Defendant's request for "authorization to file a second or successive § 2255 motion in the district court to raise a claim based on *Johnson v. United States*."  [CV Doc. 3; CR Doc. 91]

On June 29, 2016, the Tenth Circuit docketed a pro se Application For Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255 filed by Defendant, which was dated June 21, 2016.  [CV Doc. 5; CR Doc. 94]   The Tenth Circuit noted that Defendant already had been granted authorization to file a second or successive § 2255 motion asserting a claim for relief under *Johnson*, but that "[i]t does not appear . . . that Sedillo has filed a § 2255 motion in the district court since [the] grant of authorization."   [CV Doc. 5-1; CR Doc. 93]   The Court held that Defendant's "pro se motion for authorization [was] duplicative and unnecessary," but directed the Clerk of the Court to:

> transfer Sedillo's pro se authorized successive § 2255 motion—specifically, his filings docketed in this case on June 29, 2016, and July 19, 2016—to the district court for the District of New Mexico.   The filing date for the authorized § 2255 motion is the earlier of 1) the date Sedillo's pro se motion for authorization was filed in this court, or 2) the date his pro se motion for authorization was delivered to prison authorities for mailing, if the district court determines that Sedillo is entitled to the benefit of the prison mailbox rule, *see Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005); Fed. R. App. P. 25(a)(2)(C).

[CV Doc. 5-1; CR Doc. 93]   On September 22, 2016, Defendant, proceeding pro se, supplemented his § 2255 motion with documents previously requested by the Tenth Circuit. [CV Doc. 7; CR Doc. 95]

Before addressing the timeliness of Defendant's § 2255 motion, the Court first will consider the propriety of Defendant's pro se filing, in light of the fact that he currently is represented by counsel.   The Local Civil Rules of the United States District Court for the District of New Mexico provide that "[a] party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.LR-Civ.83.5.   The Court will authorize Defendant to file his § 2255 motion pro se, but

3

will order Attorney Katze to file a status update in this Court, under seal if necessary, regarding the status of her representation of Defendant.   Attorney Katze is reminded that, if she wishes to move to withdraw as counsel from the present action, she must do so in accordance with D.N.M.LR-Civ. 83.8.

Having authorized the filing Defendant's pro se § 2255 motion, the Court next will consider whether the motion was timely filed.   See *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (noting that "federal district courts are 'permitted, but not obliged' to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed") (unpublished) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).   Title 28 of the United States Code, section 2255(f) imposes a one-year statute of limitation on § 2255 motions, which begins to run, in relevant part, from "the date on which right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   § 2255(f)(3).   In *Johnson*, the United States Supreme Court recognized a new right, which has been made retroactively applicable to cases on collateral review.   See *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review").   Therefore, the timeliness of Defendant's § 2255 motion is governed by § 2255(f)(3).

In *Dodd v. United States*, 545 U.S. 353 (2005), the United States Supreme Court considered whether the one-year statute of limitation in § 2255(f)(3) begins to run on "the date on which this Court 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which right is 'made retroactive.'" *Id.* at 354-55 (alteration

4

omitted). The Court held that the text of § 2255(f)(3) "settles this dispute" because it "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* at 357. Therefore, a § 2255 "applicant has one year from the date on which the right he asserts was initially recognized by this Court" to file a § 2255 motion. *Id.*

Defendant's § 2255 motion seeks relief under *Johnson*, which was decided by the United States Supreme Court on June 26, 2015. *See Johnson*, 135 S. Ct. 2551. Therefore, Defendant had one year from that date, or until June 27, 2016, to file his § 2255 motion.[1] Defendant's § 2255 motion was filed in the Tenth Circuit on June 29, 2016—two days after the expiration of the one-year deadline. However, Defendant's motion indicates that it was delivered to prison authorities on June 21, 2016—six days before the expiration of the one year deadline. [CV Doc. 5 at 14; CR Doc. 94 at 14] Thus, the timelines of Defendant's § 2255 motion depends on whether he may take advantage of the prison mailbox rule.

Pursuant to the prison mailbox rule, a prisoner's mailing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 1165. An inmate may establish a timely filing under the prison mailbox rule in one of two ways:

---

[1] Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline was extended to Monday, June 27, 2016. *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday); *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations under penalty of perjury).

Defendant's § 2255 motion includes the following "Proof of Service": "I certify that on June 21, 2016, I mailed a copy of this Application and all attachments to Gregory J. Fouratt, Assistant United States Attorney at the following address: P.O. Box 607, Albuquerque, New Mexico 87102." [CV Doc. 5 at 14; CR Doc. 94 at 14] Defendant's § 2255 motion fails to mention the existence of a legal mail system and, therefore, cannot be considered timely filed under the first method for establishing compliance with the prisoner mailbox rule. *See Price*, 420 F.3d at 1166 (holding that an allegation that a prisoner used "'the institutional mails' is insufficient to connote use of the 'legal mail system'"). Defendant's § 2255 motion also fails to satisfy the second method for establishing compliance with the prison mailbox rule, because the "Proof of Service" was not signed under penalty of perjury, nor does it attest that first class postage was prepaid. *See id.* at 1167 (holding that a prisoner's certificate of service was insufficient because "there is no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746"); *United States v. Miles*, 343 F. App'x 392, 393 (10th Cir. 2009) (noting that "to be in compliance with § 1746, the inmate must 'subscribe' his information 'as true under penalty of perjury'" and emphasizing that declarations omitting the "penalty of perjury" language are insufficient) (unpublished); *Gaines v. U.S. Marshals Service*, 291 F. App'x 134, 136 (10th Cir. 2008) (holding that the pro se plaintiff's complaint was not timely filed under the prison mailbox rule because "he

6

neglected to state that first class postage was prepaid, a requirement that our cases have rigidly enforced") (unpublished).   Therefore, the Court concludes that Defendant's § 2255 motion was filed on the date that it was docketed by the Tenth Circuit—on June 29, 2016.   Because Defendant's § 2255 motion was filed two days after the expiration of the one-year statute of limitation in § 2255(f)(3), it is untimely.

The Court recognizes that the one-year statute of limitation in § 2255(f)(3) is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling").   However, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).   In light of the foregoing, the Court will afford Defendant an opportunity to explain why his § 2255 motion should not be dismissed as untimely under § 2255(f)(3).   Failure to respond to this Order, or otherwise show cause, may result in the dismissal of Defendant's § 2255 motion without further notice.

IT IS THEREFORE ORDERED that the pro se filing of Defendant's § 2255 motion [CV Doc. 5; CR Doc. 94] is AUTHORIZED under D.N.M.LR-Civ. 83.5;

IT IS FURTHER ORDERED that Attorney Margaret A. Katze shall file a status update with the Court, under seal if necessary, regarding the status of her representation of Defendant;

IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order, Defendant shall file a response showing cause, if any, why his § 2255 motion [CV Doc. 5; CR Doc. 94] should not be dismissed as untimely;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail a copy of this

Order to Defendant at USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, FL 33521.

_____
UNITED STATES DISTRICT COURT JUDGE